IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BYRON BROWN,

    Plaintiff,

v.                                 Civil Action No. 3:19CV67

HAROLD CLARKE, et al.,

    Defendants.

MEMORANDUM OPINION

Byron Brown, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action. Brown names Harold Clarke, the Director for the Virginia Department of Corrections ("VDOC"), and Sarah Harman, the Coordinator of the ORBIT Program[1] as defendants. The matter is before the Court on Brown's failure to timely serve Defendant Harman and DEFENDANT CLARKE'S MOTION TO DISMISS PURSUANT TO 12(B)(6) ("Motion to Dismiss," ECF No. 18). For the reasons that follow, all claims against Defendant Harman will be dismissed, the Motion to Dismiss will be granted, and the action will be dismissed.

---

[1] ORBIT stands for Opiate Recovery Based on Intensive Tracking. It is a recovery program for inmates that are addicted to opiate based drugs. https://henrico.us/sheriff/transitional-programs/the-o-r-b-i-t-program/ (last visited Sept. 9, 2020).

### I. FAILURE TO SERVE DEFENDANT HARMAN

Pursuant to Federal Rule of Civil Procedure 4(m), Brown had 90 days from the filing of the complaint to serve the defendants.[2] Here, that period commenced on September 24, 2019. By Memorandum Order entered on March 5, 2020, the Court directed Brown, within eleven (11) days of the date of entry thereof, to show good cause for his failure to serve Defendant Harman within the time required by Rule 4(m). Brown did not respond. Accordingly, all claims against Defendant Harman will be dismissed without prejudice.

### II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (1990)). In

---

[2] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

While the Court liberally construes <u>pro se</u> complaints, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, <u>sua sponte</u> developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. <u>See</u> <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF PERTINENT ALLEGATIONS

Brown was recommended for and accepted into the ORBIT Program. (ECF No. 1, at 4.)[3] On September 28, 2018, Brown was removed from the ORBIT Program and transferred to the VDOC. (<u>Id.</u>) Brown contends that there was no reason for his removal from the Program. (<u>Id.</u> 1-2.) Brown claims that his removal from the ORIBIT Program

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system in citing to the Complaint.

amounted to a denial of due process and subjected him to cruel and unusual punishment. (Id.)

## IV. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing U.S. ex rel. Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). The Complaint contains no facts as to how Defendant Clarke personally participated in a violation of Brown's rights. Accordingly, the Motion to Dismiss will be granted. All claims against Clarke will be dismissed. The action will be dismissed.

4

The Clerk is directed to send a copy of the Memorandum Opinion to Brown and counsel for Defendant Clarke.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 15, 2020
Richmond, Virginia